UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VALERIE POWE

CIVIL ACTION

VERSUS

NUMBER 06-497-SCR

CONESTOGA-ROVERS & ASSOCIATES, INC.

consolidated for pretrial purposes with

FELICIA CRUDUP, ET AL

CIVIL ACTION

VERSUS

NUMBER 07-244-JVP-SCR

CONESTOGA-ROVERS & ASSOCIATES, INC.

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the Defendant's Motion to Compel Responses to Discovery filed by defendant Conestoga-Rovers & Associates, Inc. Record document number 22.[1]  The motion is not opposed.

Defendant filed this motion to compel plaintiffs Felicia Crudup and Perry Hawkins to answer interrogatories produce documents in response to Defendant's First Set of Interrogatories and Requests for Production served originally on July 3, 2007.[2] Neither plaintiff served any response to either the interrogatories

---

[1] Although this motion applies to CV 07-244, the document numbers are those in the lead case CV 06-497.

[2] A second set of these discovery requests were sent to the plaintiffs' attorney on September 10, 2007.  Record document number 22, ¶¶ 1, 2.

or the document requests.[3]  In support of the motion the defendant submitted copies of correspondence sent to the plaintiffs' counsel which demonstrates the defendant's efforts to obtain the discovery before filing this motion.[4]  The record shows that despite the defendant's efforts the plaintiffs have failed to provide the requested information and documents.  The failures to provide the requested information and documents, and to file any response to this motion, demonstrate that under Rule 37(a), Fed.R.Civ.P., the defendant is entitled to an order compelling the plaintiffs to answer the interrogatories and produce to the documents.

Plaintiffs shall answer the interrogatories and produce the requested documents within ten days - and no objections will be allowed.[5]

Under Rule 37(a)(4)(A), Fed.R.Civ.P., if a motion to compel discovery is granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that

---

[3] The discovery requests seek basic information about the plaintiffs' alleged claims and damages. Record document number 22, exhibits 2-6.

[4] *Id.* exhibit 3.

[5] Generally discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  See, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990).

the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiffs' failure to respond to the discovery and to this motion demonstrate that the defendant is entitled to an award of reasonable expenses under this rule.[6]  Nothing was filed in the record to establish the amount of attorney's fees or expenses incurred in bringing the motion.  A review of the motion and memorandum supports the conclusion that an award of $200.00 is reasonable.

Accordingly, the Defendant's Motion to Compel Responses to Discovery is granted.  Plaintiffs Felicia Crudup and Perry Hawkins shall provide complete answers to the defendant's interrogatories and produce the requested documents within ten days, without objections.  Pursuant to Rule 37, the plaintiffs are also ordered to pay to the defendant, within ten days, its reasonable expenses in the amount of $200.00.

Baton Rouge, Louisiana, December 28, 2007.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] These same facts show that the plaintiff's actions are not substantially justified and that there are no circumstances that would make an award of expenses unjust.

3